(90 South. 503)

ALABAMA GREAT SOUTHERN R. CO. v. WOOD.   (6 Div. 777.)

(Court of Appeals of Alabama.   April 12, 1921. Rehearing Denied May 10, 1921.)

Appeal from Circuit Court, Jefferson County; J. C. B. Gwynn, Judge.

Action by J. L. Wood against the Alabama Great Southern Railroad Company, to recover money paid for parking cars. Judgment for plaintiff, and defendant appeals. Reversed and remanded, in accordance with mandate of Supreme Court. 206 Ala. 400, 90 South. 502.

Smith, Wilkinson & Smith, of Birmingham, for appellant.

It is not necessary, and was not necessary, to file any tariff with the Railroad Commission with respect to parking cars. Elliott on Railroads, §§ 642, 1396; section 5522, Code 1907. The railroad was not acting as a common carrier in renting parking space. 176 U. S. 498, 20 Sup. Ct. 385, 44 L. Ed. 560; 117 U. S. 1, 6 Sup. Ct. 542, 628, 29 L. Ed. 791; 228 U. S. 177, 33 Sup. Ct. 474, 57 L. Ed. 787; 92 Ala. 296, 8 South. 687; 83 Ala. 200, 3 South. 432; 74 Ala. 430; 104 Ala. 390, 16 South. 140; 84 Ala. 173, 4 South. 356; 66 Fed. 506, 14 C. C. A. 257, 30 L. R. A. 161.

Huey & Welch, of Bessemer, for appellee.

The railroad was required to file its tariff with the Railroad Commission for parking cars. Section 5521, Code 1907; 196 Ala. 280, 72 South. 120, L. R. A. 1916F, 120; Acts 1909, p. 210. The provisions of section 5522 cannot be construed otherwise than as requiring tariffs in a case like this. 201 Ala. 180, 77 South. 706; sections 5527, 5531, 5532, 5552, and 5556, Code 1907. See, also, 201 Ala. 180, 77 South. 706; 196 Ala. 280, 72 South. 120, L. R. A. 1916F, 120, and the opinion of the Court of Appeals.

BRICKEN, P. J.  Appellee Wood, plaintiff in court below, brought suit against appellant railroad company to recover $90 which had been paid by him to the appellant, a common carrier, for "parking" his cars. The cause was tried by the court, without a jury, and was tried upon counts 1, 2, and 3 of the complaint, and pleas 1 and 2 of the defendant. The court rendered judgment for the plaintiff for the amount sued for, and defendant appeals.

The court rendered the judgment upon the theory that the defendant had no authority to collect the money for "parking" the cars, be-

cause it had not filed with the Railroad Commission of Alabama a schedule of rates and charges for parking cars upon its side tracks. The determining question, therefore, is: Was it necessary for defendant, a common carrier, to file a schedule of rates and charges for parking cars on its side tracks with the Railroad Commission before it could collect for same? If such was necessary, and if said schedule had not been filed, the money was wrongfully collected, and the plaintiff could recover it.

The evidence in the case shows that appellee was a "showman," and had his own cars in which he and his family and employees lived; that appellant was a common carrier of passengers and freight, and hauled the cars of appellee from Akron, Ala., to Bessemer, Ala., and that he paid the company the charges for hauling said cars; that after said cars reached Bessemer they were parked on the side track of defendant for a period of 45 days; that appellant required appellee to pay $90 for the "parking" of said cars, and that the defendant company had not filed with the Railroad Commission of Alabama a "schedule of rates and charges for parking cars on its side tracks." There was testimony tending to show negotiations between the plaintiff and defendant for the privilege of "parking" his cars on the side tracks, but the agreement set up in special plea No. 2, was not proven as alleged therein.

The question then arises, Was parking the cars on the side tracks within the law prescribing what the common carrier shall file schedule of charges for?

Section 5521 of Code 1907 provides that "Every common carrier * * * shall file with the Railroad Commission * * * schedules showing all the rates, fares, and charges for the transportation of property and passengers, and any service in connection therewith which it has established. * * *"

Section 5522, Code 1907, provides: "Such schedules shall also contain all rules and regulations that in any manner affect the rates or fare to be charged for the transportation of passengers and property, and all charges for delay in loading or unloading cars, for tracks and car service or rental, and for switching, demurrage, terminal, and transfer service, and for rendering any other service in connection with the transportation of passengers and property."

Section 5527, Code 1907, provides that the charges set forth in said schedules shall constitute the lawful charges to be collected and that the carrier shall not collect any other charges.

As stated above, the proof shows that the defendant (appellant), as a common carrier, had hauled the cars of plaintiff from Akron, Ala., to Bessemer, Ala., and that the cars were parked upon the side tracks of defendant for a period of 45 days. The charges collected, for parking the cars must certainly be construed as a charge for track rental, and falls within the terms of Code, § 5522, supra, which provides that schedules must be filed for "all charges for delay, for tracks and car service or rental.

As the defendant below had not filed such schedule, it had no authority to collect the money from plaintiff, and plaintiff was entitled to recover the money as paid. The court properly rendered judgment for the plaintiff.

From what has been said above, it follows that there was no error in refusing to allow the defendant to prove that the charge made was a reasonable charge, or that defendant was inconvenienced and put to expense in moving the cars from place to place on its side tracks. It also follows, from what has been said above, that there was no error in overruling defendant's motion for a new trial.

It may seem harsh to say that the plaintiff could use the defendant's side tracks without paying for the use. The answer is, the defendant failed to comply with the law in filing the required schedules of charges, and must suffer for its failure. It may protect itself from such loss in the future by filing the schedules.

There being no error in the record, the judgment of the circuit court is affirmed.

Affirmed.

Reversed and remanded, October 4, 1921, on authority of Ex parte Alabama Great Southern R. Co. (Alabama Great Southern R. Co. v. Wood), 206 Ala. 400, 90 South. 502.